IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | |
|---|---|
| JIMMY LYONS,<br>      Plaintiff,<br><br>v.<br><br>STARBUCKS COFFEE COMPANY,<br>et al.,<br>      Defendants. | Case No. 3:19-cv-2457-S-BT |

**FINDINGS, CONCLUSIONS, AND RECOMMENDATION
OF THE UNITED STATES MAGISTRATE JUDGE**

*Pro se* Plaintiff Jimmy Lyons brings this civil action against Starbucks Corporation d/b/a Starbucks Coffee Company (Starbucks), Starbucks CEO Kevin Johnson, Starbucks employees Robert Thomas and James Bartley, Universal Protection Service, L.P., d/b/a Allied Universal (Allied Universal), Allied Universal CEO Steve Jones, Northwood Retail, LLC, Northwood Retail President Ward A. Kampf, Maleah Morgan, Michael Wilhelm, NFN Walters, and NFN Waters. Compl. 5-8 (ECF No. 3). Defendants Allied Universal, Starbucks, and Thomas filed separate motions to dismiss for lack of subject-matter jurisdiction and/or failure to state a claim. (ECF Nos. 11, 14, and 24, respectively). Defendant Steve Jones filed a "Motion to Quash for Insufficient Service of Process." (ECF No. 12). For the following reasons, the Court should grant the pending motions, dismiss without prejudice Lyons's claims against Allied Universal, Starbucks, Thomas, and Jones, and warn Lyons his claims against Johnson, Bartley, Morgan, Wilhelm, Walters, and Waters could be dismissed under Rule 4(m).

1

## Background

Lyons, a Texas citizen, alleges that Defendant Thomas and an unnamed Allied Universal employee assaulted him on June 4, 2018, at a Starbucks store in Dallas. Compl. 10-12. He states that he injured his knee and shoulder in the attack. *Id*. 12. Lyons further alleges that Thomas and the unnamed Allied Universal employee attacked him again when he returned to the same Starbucks the next day. *Id*. Lyons states that Defendants refused to call the police when he asked for help, and, when police finally did arrive in response to a 911 call he placed, officers were falsely informed Lyons was "a child moleste[r]" and "a sexual predator attempting to take kids and underage girls with him." *Id*. 12-13. The officers issued Lyons a criminal trespass citation. *Id*. 16. Based on this conduct, Lyons filed a *pro se* complaint naming as defendants Starbucks, Thomas, Allied Universal, Starbucks CEO Kevin Johnson, Starbucks District Manager James Bartley, Allied Universal CEO Steve Jones, Northwood Retail, LLC, Northwood Retail President Ward A. Kampf, Maleah Morgan, Michael Wilhelm, NFN Walters, and NFN Waters. *Id*. 5-8. He asserts claims for assault and battery; defamation; violations of 42 U.S.C. §§ 1981, 1983, 1985, and 1986; violations of his First, Fourth, Fifth, Sixth, Seventh, Eighth, and Fourteenth Amendment rights under the United States Constitution; and violations of various rights under the Texas Constitution. *Id*. 14-19. He seeks $3.5 million in damages. *Id*. 23. Allied Universal, Starbucks, Thomas, and Jones each filed separate motions to dismiss. Lyons failed to respond to any of

the motions, and the time for doing so has passed. The Court must, therefore, consider the motions without the benefit of a response.

## Legal Standards and Analysis

Defendants Starbucks and Thomas seek dismissal of Lyon's claims under Rules 12(b)(1) and 12(b)(6). Starbucks Mot. (ECF No. 14); Thomas Mot. (ECF No. 24). Defendant Allied Universal seeks dismissal under Rule 12(b)(6). Allied Universal Mot. (ECF No. 11). And Defendant Jones seeks dismissal under Rule 12(b)(5). Jones Mot. (ECF No. 12).

When a party files a Rule 12(b)(1) motion in conjunction with other Rule 12 motions, the court should consider the jurisdictional challenge before addressing any attack on the merits. *Ramming v. United States*, 281 F.3d 158, 161 (5th Cir. 2001) (per curiam) (citation omitted). This "prevents a court without jurisdiction from prematurely dismissing a case with prejudice." *Id.* (citation omitted). When a court dismisses for lack of subject-matter jurisdiction, that dismissal "is not a determination of the merits and does not prevent the plaintiff from pursuing a claim in a court that does have proper jurisdiction." *Id.* (citation omitted). Accordingly, the Court addresses Defendants Starbucks and Thomas's jurisdictional arguments first.

### Rule 12(b)(1)

Federal courts are courts of limited jurisdiction; "[t]hey possess only that power authorized by Constitution and statute, which is not to be expanded by judicial decree." *Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 377

(1994) (Scalia, J.) (citations omitted). The court "must presume that a suit lies outside [its] limited jurisdiction, and the burden of establishing federal jurisdiction rests on the party seeking the federal forum." *Howery v. Allstate Ins. Co.*, 243 F.3d 912, 916 (5th Cir. 2001) (citations omitted). Unless otherwise provided by statute, federal jurisdiction requires (1) a federal question arising under the Constitution, a federal law, or a treaty, 28 U.S.C. § 1331, or (2) complete diversity of citizenship between adverse parties, and the amount in controversy exceeds $75,000. 28 U.S.C. § 1332.

A motion to dismiss under Rule 12(b)(1) challenges a federal court's subject-matter jurisdiction. Fed. R. Civ. P. 12(b)(1). The Fifth Circuit distinguishes between a "facial attack" and a "factual attack" on subject-matter jurisdiction. *Rodriguez v. Tex. Comm'n on the Arts*, 992 F. Supp. 876, 878 (N.D. Tex. 1998). A facial attack, like the one Defendants make here, "requires the court merely to decide if the plaintiff has correctly alleged a basis for subject matter jurisdiction" by examining the allegations in the complaint, which are presumed to be true. *Id.* (citations omitted). "The plaintiff constantly bears the burden of proof that jurisdiction does in fact exist." *Rodriguez*, 992 F. Supp. at 879 (citation omitted).

The court must liberally construe pleadings filed by *pro se* litigants. *See Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (per curiam) (citations omitted). But even under the most liberal construction, Lyons has failed to allege facts supporting federal-question or diversity jurisdiction.

Lyons alleges that Defendants assaulted and defamed him. Compl. 14-18. These are state-law claims that do not give rise to federal-question jurisdiction under 28 U.S.C. § 1331. And Lyons's mere reference to federal statutes, including 42 U.S.C. §§ 1981, 1983, 1985, and 1986, fails to confer federal-question jurisdiction. To raise a federal question, he must allege facts to support claims under the statutes he cites. Nowhere in his complaint, does Lyons allege facts to show that he was discriminated against because of a protected characteristic, which is required to assert a claim under § 1981. *Body by Cook, Inc. v. State Farm Mut. Auto. Ins.*, 869 F.3d 381, 386 (5th Cir. 2017) (citations omitted). Nor does he allege Defendants acted under color of state law, which is a requirement for stating a claim under § 1983. *West v. Atkins*, 487 U.S. 42, 48 (1988) (citations omitted) ("To state claim under § 1983, a plaintiff must allege the violation of a right secured by the Constitution and laws of the United States, and must show that the alleged deprivation was committed by a person acting under color of state law."). He also fails to allege he was subject to racial or class-based discriminatory animus, which is necessary to assert a claim for violations of §§ 1985 and 1986. *Griffin v. Breckenridge*, 403 U.S. 88, 102 (1971) (footnote omitted) ("The language requiring intent to deprive of equal protection, or equal privileges and immunities, means that there must be some racial, or perhaps otherwise class-based, invidiously discriminatory animus behind the conspirators' action."); 28 U.S.C. § 1986 (providing liability for neglecting to prevent the commission of wrongs enumerated in 28 U.S.C. § 1985).

Additionally, Lyons does not allege that he and each of the Defendants are citizens of different states. To the contrary, Lyons alleges that several of the Defendants, including Thomas, Kampf, Bartley, Morgan, Wilhelm, Walters, and Waters, are citizens of Texas like him. Compl. 5-8. Therefore, Lyon's citizenship is not diverse from each Defendant's citizenship as required by § 1332. *See* 28 U.S.C. § 1332(a).

Lyons also alleges that jurisdiction exists under 28 U.S.C. §§ 1334, 1357, and 1369. Compl. 4. Section 1334 provides for federal jurisdiction in bankruptcy cases and proceedings. 28 U.S.C. § 1334. But Lyons does not allege that he is seeking bankruptcy protection or that he is insolvent. Therefore, § 1334 does not provide a basis for subject-matter jurisdiction. Section 1357 vests federal courts with original jurisdiction over civil actions to recover damages for injuries caused "under any Act of Congress, for the protection or collection of any of the revenues, or to enforce the right of citizens of the United States to vote in any State." 28 U.S.C. § 1357. Lyons, however, did not allege any injuries under federal laws relating to the protection or collection of revenues or enforcement of the right of any citizen to vote. Thus, Lyons cannot rely on § 1357 to establish jurisdiction. Finally, § 1369 provides the district courts with original jurisdiction for "any civil action involving minimal diversity between adverse parties that arises from a single accident, where at least 75 natural persons have died in the accident at a discrete location." 28 U.S.C. § 1369(a). Lyons alleges claims for assault and defamation. He does not allege that any person—much less 75 people—died in an accident at a single

6

location. Subject-matter jurisdiction is, therefore, improper under 28 U.S.C. § 1369.

Because Lyons failed to allege a basis for subject-matter jurisdiction, the Court should grant Starbucks and Thomas's Rule 12(b)(1) motions and dismiss Lyons's claims against these Defendants without prejudice for lack of subject-matter jurisdiction.[1]

## Rule 12(b)(6)

Next, the Court considers Defendant Allied Universal's dismissal arguments under Rule 12(b)(6). When deciding a Rule 12(b)(6) motion for failure to state a claim, the court "accepts all well-pleaded facts as true, viewing them in the light most favorable to the plaintiff." *In re Katrina Canal Breaches Litig.*, 495 F.3d 191, 205 (5th Cir. 2007) (quotation marks and citation omitted). To survive the Rule 12(b)(6) motion to dismiss, therefore, Lyons's complaint must contain sufficient factual matter to state a claim for relief that is plausible on its face. *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). "To be plausible, the complaint's '[f]actual allegations must be enough to raise a right to relief above the speculative level.'" *In re Great Lakes Dredge & Dock Co. LLC*, 624 F.3d 201, 210 (5th Cir. 2010) (quoting *Twombly*, 550 U.S. at 555). This pleading standard does not require "detailed

---

[1] In view of the findings and recommendation that Lyons's claims against Defendants Starbucks and Thomas should be dismissed under Rule 12(b)(1) for lack of subject-matter jurisdiction, the Court should pretermit consideration of these Defendants' other arguments for dismissal, including Defendants' arguments under Rule 12(b)(6).

factual allegations," but it does demand more than an unadorned accusation devoid of factual support. *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Twombly*, 550 U.S. at 555). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* (citing *Twombly*, 550 U.S. at 556). "[A] formulaic recitation of the elements of a cause of action will not do." *Twombly*, 550 U.S. at 555 (citing *Papasan v. Allain*, 478 U.S. 265, 286 (1986)). "While legal conclusions can provide the framework of a complaint, they must be supported by factual allegations." *Iqbal*, 556 U.S. at 679. Where the facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has stopped short of showing that the plaintiff is plausibly entitled to relief. *Id.* at 678 (citing *Twombly*, 550 U.S. at 557).

The court "must construe the pleadings of pro se litigants liberally," *Andrade v. Gonzales*, 459 F.3d 538, 543 (5th Cir. 2006) (citing *Perez v. United States*, 312 F.3d 191, 194-95 (5th Cir. 2002) (per curiam)), "to prevent the loss of rights due to inartful expression." *Marshall v. Eadison*, 2005 WL 3132352, at *2 (M.D. Ga. Nov. 22, 2005) (citing *Hughes v. Rowe*, 449 U.S. 5, 9 (1980) (per curiam)). But "such a liberal construction does not require that the Court . . . create causes of action where there are none." *Smith v. CVS Caremark Corp.*, 2013 WL 2291886, at *8 (N.D. Tex. May 23, 2013) (footnote omitted).

Allied Universal argues that Lyons's state-law claims against it for assault and defamation must be dismissed because Lyons failed to plead facts sufficient to

8

state a claim for respondeat-superior liability. Allied Universal Mot. 1-2. Under the doctrine of respondeat superior, an employer is vicariously liable for the torts of its employee only when the employee is acting within the course and scope of his or her employment. *Minyard Food Stores, Inc. v. Goodman*, 80 S.W.3d 573, 577 (Tex. 2002) (citation omitted). An employee's conduct meets this standard when it (1) "falls within the scope of the employee's general authority" and was (2) committed "in furtherance of the employer's business" (3) "for the accomplishment of the object for which the employee was hired." *Id.* (citation omitted). This standard often precludes vicarious liability for an employee's intentional torts—such as assault and defamation—because "such acts are not ordinarily within the course and scope of an employee's authority or employment." *Wrenn v. G.A.T.X. Logistics, Inc.*, 73 S.W.3d 489, 494 (Tex. App.—Fort Worth 2002, no pet.) (citations omitted). Intentional torts may meet the standard, however, "when the act, although not specifically authorized by the employer, is closely connected with the servant's authorized duties." *GTE Sw., Inc. v. Bruce*, 998 S.W.2d 605, 618 (Tex. 1999) (citations omitted). Tortious acts are "closely connected" with an employee's duties when they are "committed in the accomplishment of a duty entrusted to the employee, rather than because of personal animosity." *Id.* (citation omitted). For example, Texas courts have extended vicarious liability to employers based on the intentional torts of their employees who are authorized to use force in their line of work, such as nightclub bouncers. *See e.g., G.T. Mgmt., Inc. v. Gonzalez*, 106 S.W.3d 880, 884-85 (Tex.

App.—Dallas 2003, no pet.). In this case, however, Lyons fails to plead any facts that would permit the Court to infer that Allied Universal could be vicariously liable for any assault or defamation. Lyons does not allege that the unnamed Allied Universal employee acted within the course and scope of his or her authority or employment when he or she allegedly assaulted or defamed Lyons. Accordingly, the Court should grant Allied Universal's Rule 12(b)(6) motion and dismiss Lyons's claims against it without prejudice for failure to state a claim.

When a court dismisses a plaintiff's claims under Rule 12(b)(6), it generally should give the plaintiff at least one opportunity to amend the complaint. *See Hart v. Bayer Corp.*, 199 F.3d 239, 247 n.6 (5th Cir. 2000) (citation omitted). However, "[t]he court may deny leave to amend . . . if the defects are incurable or the plaintiffs have already alleged their best case." *Pierce v. Hearne Indep. Sch. Dist.*, 600 F. App'x 194, 200 (5th Cir. 2015) (per curiam) (citing *Great Plains Tr. Co. v. Morgan Stanley Dean Witter & Co.*, 313 F.3d 305, 329 (5th Cir. 2002) (Fitzwater, J.); *Bazrowx v. Scott*, 136 F.3d 1053, 1054 (5th Cir. 1998) (per curiam)). And when a plaintiff does not file a response to a Rule 12(b)(6) motion or request leave to amend, the court may deny the plaintiff leave to amend because the plaintiff has already pleaded his or her best case. *Lee v. BONY*, 2013 WL 4603584, at *4 (N.D. Tex. Aug. 9, 2013) (citation omitted) ("[S]ince Plaintiff did not file a response to the Motion to Dismiss or request to amend his pleadings, the Court finds that Plaintiff pled his best case and providing leave to amend would be futile and unnecessary."), *adopted by* 2013 WL 4623608 (N.D. Tex. Aug. 29, 2013); *see also*

*Cruz v. CitiMortgage, Inc.*, 2012 WL 1836095, at *7 (N.D. Tex. May 21, 2012) (concluding that plaintiffs "have pled their best case and granting leave to amend would be futile and cause needless delay" where plaintiffs did not file a response to motion to dismiss or request to amend pleadings).

Lyons did not file a response to Allied Universal's Rule 12(b)(6) motion. Indeed, he did not file a response to any of the pending motions to dismiss. And he never requested leave to amend. The defects in Lyons's complaint, coupled with the fact that he has not filed a response to any motion to dismiss or asked for leave to amend, suggest that Lyons has already pleaded his best case and that granting leave to amend would be futile. *See Lee*, 2013 WL 4603584, at *4; *Cruz*, 2012 WL 1836095, at *7. Nonetheless, in the interest of justice, the Court should grant Lyons leave to amend his claims against Allied Universal by filing an amended complaint that cures the noted deficiencies on or before the deadline for filing objections to these Findings, Conclusions, and Recommendation.

<u>Rule 12(b)(5)</u>

Defendant Jones filed a Rule 12(b)(5) motion challenging service of process. Jones. Mot. Rule 12(b)(5) permits a challenge to the plaintiff's method of service or the lack of delivery of the summons and complaint. Fed. R. Civ. P. 12(b)(5); *Coleman v. Bank of N.Y. Mellon*, 969 F. Supp. 2d 736, 745 (N.D. Tex. 2013) (citation omitted). Absent proper service of process, the court cannot exercise personal jurisdiction over a party named as a defendant. *Murphy Bros., Inc. v. Michetti Pipe Stringing, Inc.*, 526 U.S. 344, 350 (1999) (citations omitted). When

service of process is challenged, "the serving party bears the burden of proving its validity or good cause for failure to effect timely service." *Sys. Signs Supplies v. U.S. Dep't of Just.*, 903 F.2d 1011, 1013 (5th Cir. 1990) (per curiam) (citations omitted). To establish good cause, a plaintiff must demonstrate "at least as much as would be required to show excusable neglect, as to which simple inadvertence or mistake of counsel or ignorance of the rules usually does not suffice." *Id.* (quoting *Winters v. Teledyne Movible Offshore, Inc.*, 776 F.2d 1304, 1306 (5th Cir. 1985)). Similarly, a plaintiff's *pro se* status does not excuse the failure to properly effect service. *Id.* (citing *Kersh v. Derozier,* 851 F.2d 1509, 1512 (5th Cir. 1988)).

Here, Lyons sues Jones in his individual capacity. Compl. 6 ¶ 5. Therefore, he must serve the summons on Jones personally. *See* Fed. R. Civ. P. 4(a)(1)(B), (e)(2)(A). But the return of service (ECF No. 7) shows that the process server delivered Jones's summons to CT Corporation (CT Corp.) in Dallas. Jones argues that CT Corp. is the registered agent for Allied Universal, but it is not authorized to accept service for him personally. Jones Mot. 2. There is no return of service showing that Lyons personally served Jones. Lyons has failed to meet his burden to prove valid service as to Jones or good cause for failing to effect timely service. Accordingly, the Court should grant Jones's Rule 12(b)(5) motion and dismiss Lyons's claims against him without prejudice.

Rule 4(m)

Because Lyons paid the statutory filing fee, he is responsible for properly serving each Defendant named in his complaint. Rule 4 provides that "[t]he

plaintiff is responsible for having the summons and complaint served within the time allowed by Rule 4(m) and must furnish the necessary copies to the person who makes service." Fed. R. Civ. P. 4(c)(1). After effecting service, the plaintiff must file proof of service with the court. *Id.* 4(l)(1). If the plaintiff fails to serve a defendant "within 90 days after the complaint is filed, the court—on motion or on its own after notice to the plaintiff—must dismiss the action without prejudice against that defendant," unless the plaintiff shows both (1) good cause for his failure to timely and properly effect service and (2) good cause for the court to extend the time for service for an appropriate period. *Id.* 4(m); *Lewis v. Sec'y of Pub. Safety & Corr.*, 870 F.3d 365, 369 (5th Cir. 2017) (citing Fed. R. Civ. P. 4(m)) ("Rule 4(m) requires dismissal if a defendant is not served within 90 days after the complaint is filed, unless the plaintiff shows good cause for the failure.")."A *pro se* plaintiff is entitled to notice before a district court dismisses an action, *sua sponte*, for failure to timely serve the defendants under Rule 4(m)." *Drgac v. Treon*, 2008 WL 4746984, at *1 (S.D. Tex. Oct. 27, 2008) (citing *Lindsey v. U.S. R.R. Ret. Bd.*, 101 F.3d 444, 446 (5th Cir. 1996)). But "[a] plaintiff's *pro se* status and ignorance of the law do not constitute cause for his failure to effect service in compliance with the rules." *Id.* (citing *Kersh*, 851 F.2d at 1512).

Here, Lyons has not filed proof with the Court that proper service was made on any of Defendants Johnson, Bartley, Morgan, Wilhelm, Walters, or Waters. And the time for doing so has long passed. Accordingly, the Court hereby notifies Lyons that his claims against Defendants Johnson, Bartley, Morgan, Wilhelm, Walters,

and Waters may be dismissed unless, on or before the deadline for filing objections to these Findings, Conclusions, and Recommendation, Lyons files a response showing (1) good cause for his failure to timely and properly effect service on these Defendants, and (2) good cause for the Court to extend the time for service for an appropriate period. If Lyons fails to file a response establishing good cause as required, the District Court should dismiss without prejudice Plaintiff's claims against Defendants Johnson, Bartley, Morgan, Wilhelm, Walters, and Waters under Federal Rules of Civil Procedure 4(m) and 41(b). *See* Fed. R. Civ. P. 41(b) (providing for dismissal, with or without prejudice, for failure to prosecute and obey court orders).

## Conclusion

For the reasons stated, the Court should GRANT Defendants Starbucks and Thomas's motions to dismiss (ECF Nos. 14 & 24) under Rule 12(b)(1) for lack of subject-matter jurisdiction and dismiss Lyons's claims against them without prejudice. The Court should also GRANT Defendant Allied Universal's Rule 12(b)(6) motion (ECF No. 11) but give Lyons until the deadline for filing objections to these Findings, Conclusions, and Recommendation to file an amended complaint that cures the deficiencies identified by Allied Universal and the Court. If Lyons fails to timely file an amended complaint, the Court should dismiss Lyons's claims against Allied Universal without prejudice. Further, the Court should GRANT Defendant Jones's Rule 12(b)(5) motion (ECF No. 12) and dismiss Lyons's claims against him without prejudice.

The Court warns Lyons that his claims against Defendants Johnson, Bartley, Morgan, Wilhelm, Walters, and Waters will be dismissed without prejudice unless, on or before the deadline for filing objections to these Findings, Conclusions, and Recommendation, Lyons files a response showing (1) good cause for his failure to timely and properly effect service on these Defendants, and (2) good cause for the Court to extend the time for service for an appropriate period.

**SO RECOMMENDED**.

August 24, 2020.

_____
REBECCA RUTHERFORD
UNITED STATES MAGISTRATE JUDGE

**INSTRUCTIONS FOR SERVICE AND
NOTICE OF RIGHT TO APPEAL/OBJECT**

A copy of this report and recommendation shall be served on all parties in the manner provided by law. Any party who objects to any part of this report and recommendation must file specific written objections within 14 days after being served with a copy. *See* 28 U.S.C. § 636(b)(1); FED. R. CIV. P. 72(b). To be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the magistrate judge's report and recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific. Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error. *See Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996).