IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | |
|---|---|
| JIMMY LYONS §<br>　　Plaintiff, §<br>§<br>v. §<br>§<br>STARBUCKS COFFEE COMPANY, §<br>et. al., §<br>　　Defendants. § | Case No. 3:19-cv-2457-S-BT |

**FINDINGS, CONCLUSIONS, AND RECOMMENDATION
OF THE UNITED STATES MAGISTRATE JUDGE**

Before the Court is Plaintiff Jimmy Lyons's Motion for Default Judgment (ECF No. 31), seeking default judgment against Defendants Northwood Retail, LLC and Ward A. Kampf. For the following reasons, the Court should decline to rule on Plaintiff's motion and DISMISS Plaintiff's claims against those Defendants without prejudice for lack of subject-matter jurisdiction.

**Background**

On October 17, 2019, pro se Plaintiff Jimmy Lyons filed his Complaint against Defendant Starbucks Corporation d/b/a Starbucks Coffee Company (Starbucks), Starbucks CEO Kevin Johnson, Starbucks employees Robert Thomas and James Bartley, Universal Protection Service, LP, d/b/a Allied Universal (Allied Universal), Allied Universal CEO Steve Jones, Northwood Retail, LLC (N.R.), Northwood Retail President Ward A. Kampf (Kampf), Maleah Morgan, Micheal Wilhelm, NFN Walters, and NFN Waters. Compl. 5-8 (ECF No. 3). Therein, he

1

alleges Defendants assaulted, battered, and defamed him in violation of: 42 U.S.C. §§ 1981, 1983, 1985, and 1986; his First, Fourth, Fifth, Sixth, Seventh, Eighth, and Fourteenth Amendment rights under the United States Constitution; and various rights under the Texas Constitution. *Id*. 14.

Specifically, Lyons alleges that employees of Starbucks and Allied Universal assaulted him at a Starbucks store on June 4, 2018, and then again on June 5, 2018. *Id*. 9-15. Lyons alleges that he sustained injuries to his knee and shoulder from the first attack. *Id*. 12. When Lyons asked for help, the Defendants purportedly refused to call the police. *Id*. 12, 16. Lyons eventually called 911 himself. *Id*. 13, 16. Once the police finally arrived, Defendants told the officers that Lyons was "a child moleste[r]" and "a sexual predator attempting to take kids and underage girls with him." *Id*. 13. The officers issued Lyons a criminal trespass citation. *Id*. 16.

As a result, Lyons filed this Complaint and served Kampf and N.R. on October 18, 2019, and November 7, 2019, respectively. Return of Service (ECF Nos. 8, 9). Federal Rule of Civil Procedure 12 required those Defendants to file a responsive pleading within 21 days after being served with the summons and complaint. Fed. R. Civ. P. 12(a)(1)(A)(i). Neither Defendant filed an answer or other appropriate responsive pleading and still has not as of the date of this recommendation. Accordingly, on August 24, 2020, the Court directed Lyons to request and obtain an entry of default as to N.R. and Kampf from the Clerk of Court and to move for default judgment against them. Order (ECF No. 29). Per Lyons's request, the Clerk entered default against N.R. and Kampf on September 10, 2020,

2

and Lyons moved for default judgment. Entry of Default (ECF No. 32); Mot. Default J. (ECF No. 31). N.R. and Kampf are the only remaining Defendants in this lawsuit. *See* Judgment (ECF No. 48). While Lyons complied with the Court's instructions in its August 24, 2020 order, the Court has an independent duty to examine its subject-matter jurisdiction, which it does now. *See Ruhrgas AG v. Marathon Oil Co.*, 526 U.S. 574, 583 (1999) (citations omitted) ("[S]ubject-matter delineations must be policed by the courts on their own initiative even at the highest level."); *accord McDonal v. Abbott Lab'ys*, 408 F.3d 177, 182 n.5 (5th Cir. 2005) ("[A]ny federal court may raise subject matter jurisdiction *sua sponte*.").

### 12(h)(3)

Federal courts are courts of limited jurisdiction; "[t]hey possess only that power authorized by Constitution and statute, which is not to be expanded by judicial decree." *Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 377 (1994) (Scalia, J.) (citations omitted). The court "must presume that a suit lies outside [its] limited jurisdiction, and the burden of establishing federal jurisdiction rests on the party seeking the federal forum." *Howery v. Allstate Ins. Co.*, 243 F.3d 912, 916 (5th Cir. 2001) (citations omitted). Unless otherwise provided by statute, federal jurisdiction requires (1) a federal question arising under the Constitution, a federal law, or a treaty, 28 U.S.C. § 1331, or (2) complete diversity of citizenship between adverse parties and an amount in controversy exceeding $75,000. 28 U.S.C. § 1332.

3

"United States District Courts and Courts of Appeals have the responsibility to consider the question of subject matter jurisdiction *sua sponte* if it is not raised by the parties and to dismiss any action if such jurisdiction is lacking." *Giannakos v. M/V Bravo Trader*, 762 F.2d 1295, 1297 (5th Cir. 1985) (per curiam) (citations omitted); *accord United States v. Baltazar-Sebastian*, --- F.3d ----, 2021 WL 912733, at *2 (5th Cir. Mar. 10, 2021); *see also* Fed. R. Civ. P. 12(h)(3) ("If the court determines at any time that it lacks subject-matter jurisdiction, the court must dismiss the action."). Put differently, "[a] case is properly dismissed for lack of subject matter jurisdiction when the court lacks the statutory or constitutional power to adjudicate the case." *Home Builders Ass'n of Miss., Inc. v. City of Madison*, 143 F.3d 1006, 1010 (5th Cir. 1998) (quoting *Nowak v. Ironworkers Local 6 Pension Fund*, 81 F.3d 1182, 1187 (2d Cir. 1996)). The party asserting jurisdiction must allege the jurisdictional basis "affirmatively and distinctly"; it cannot be "established argumentatively or by mere inference." *Getty Oil Corp. v. Ins. Co. of N. Am.*, 841 F.2d 1254, 1259 (5th Cir. 1988) (citing *Ill. Cent. Gulf R.R. Co. v. Pargas, Inc.*, 706 F.2d 633, 636 & n.2 (5th Cir. 1983)). And the court must liberally construe pleadings filed by pro se litigants. *See Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (per curiam) (citations omitted); *Cf.* Fed. R. Civ. P. 8(e) ("Pleadings must be construed so as to do justice."). But even under the most liberal construction, Lyons has failed to allege facts supporting federal-question or diversity jurisdiction.

Here, Lyons alleges that N.R. and Kampf assaulted and defamed him. Compl. 14-18. These state-law claims do not give rise to federal-question jurisdiction under 28 U.S.C. § 1331. And Lyons's mere reference to federal statutes—including 42 U.S.C. §§ 1981, 1983, 1985, and 1986—without alleging facts to support claims under those statutes fails to confer federal-question jurisdiction. Lyons does not allege facts in his Complaint that show he was discriminated against because of a protected characteristic, which is required to assert a claim under § 1981. *Body by Cook, Inc. v. State Farm Mut. Auto. Ins.*, 869 F.3d 381, 386 (5th Cir. 2017) (citations omitted). Nor does he allege N.R. and Kampf acted under color of state law, which is a requirement for stating a claim under § 1983. *West v. Atkins*, 487 U.S. 42, 48 (1988) (citations omitted) ("To state claim under § 1983, a plaintiff must allege the violation of a right secured by the Constitution and laws of the United States, and must show that the alleged deprivation was committed by a person acting under color of state law."). He also fails to allege he was subject to racial or class-based discriminatory animus, which is necessary to assert a claim for violations of §§ 1985 and 1986. *Griffin v. Breckenridge*, 403 U.S. 88, 102 (1971) ("The language requiring intent to deprive of equal protection, or equal privileges and immunities, means that there must be some racial, or perhaps otherwise class-based, invidiously discriminatory animus behind the conspirators' action."); 42 U.S.C. § 1986 (providing liability for neglecting to prevent the commission of wrongs enumerated in 42 U.S.C. § 1985). Additionally, Lyons attached various medical documents and pictures, presumably of himself, to his request for an

extension of time to comply with the Court's August 24, 2020 findings, conclusions, and recommendation (FCR); those pictures do not reveal he is a member of a protected class. Mot. Extension (ECF No. 41-1).

Further, Lyons does not allege that he and N.R. and Kampf are citizens of different states. Compl. 5. Instead, he alleges that he and Kampf are "residents" of Dallas, Texas, and that N.R., though an LLC, "is a corporation with its registered office" in Dallas. *Id*. Therefore, Lyons has failed to allege diversity of citizenship as required by § 1332. *See* 28 U.S.C. § 1332(a); *Realty Holding Co. v. Donaldson*, 268 U.S. 398, 399 (1925) (citations omitted); *Harvey v. Grey Wolf Drilling Co.*, 542 F.3d 1077, 1080 (5th Cir. 2008) (citations omitted). The Court previously addressed in its August 24, 2020 FCR why the other jurisdictional statutes that Lyons cites—28 U.S.C. §§ 1334, 1357, and 1369—do not confer jurisdiction here. Compl. 4; FCR 6-7 (ECF No. 28). Accordingly, on this record, the Court determines it lacks subject-matter jurisdiction and recommends the District Court DISMISS Lyons's claims against N.R. and Kampf without prejudice and decline to rule on his motion for default judgment against them.

**SO RECOMMENDED.**

April 12, 2021.

_____
REBECCA RUTHERFORD
UNITED STATES MAGISTRATE JUDGE

## INSTRUCTIONS FOR SERVICE AND
## NOTICE OF RIGHT TO APPEAL/OBJECT

      A copy of this report and recommendation shall be served on all parties in the manner provided by law. Any party who objects to any part of this report and recommendation must file specific written objections within 14 days after being served with a copy. *See* 28 U.S.C. § 636(b)(1); FED. R. CIV. P. 72(b). In order to be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the magistrate judge's report and recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific. Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error. *See Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996).